**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 12-4618**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BOAZ SALMON BRATTON-BEY, a/k/a Moadian Bratton-Bey, a/k/a
Azariah Bratton, a/k/a Keith Banks,

        Defendant - Appellant.

—————————

**No. 12-4620**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MOADIAN ELAM BRATTON-BEY, a/k/a Boaz Bratton-Bey, a/k/a
Modian Elam, a/k/a Jason Smith, a/k/a Joshua Builder, a/k/a
Yarachmiel Messing, a/k/a Malik Jones,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Benson Everett Legg, Senior District
Judge. (1:10-cr-00580-BEL-2, 1:10-cr-00580-BEL-1)

—————————

Submitted: June 21, 2013      Decided: August 1, 2013

—————————

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Baltimore, Maryland, Sapna Mirchandani, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant Boaz Bratton-Bey. Marc Resnick, Washington, D.C., for Appellant Moadian Bratton-Bey. Rod J. Rosenstein, United States Attorney, Tamera L. Fine, Assistant United States Attorney, Justin S. Herring, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Moadian Bratton-Bey and Boaz Bratton-Bey (collectively the Bratton-Beys) along with seventeen co-defendants, were charged in a 49-count indictment of crimes growing out of a credit card fraud conspiracy. Both Bratton-Beys pled guilty, without plea agreements, to one count each of bank fraud conspiracy in violation of 18 U.S.C. § 1349, access device fraud in violation of 18 U.S.C. § 1029, and aggravated identity theft in violation of 18 U.S.C. § 1028A. The district court sentenced Moadian Bratton-Bey to 120 months' imprisonment, and Boaz Bratton-Bey to 102 months' imprisonment. In these consolidated appeals, the Bratton-Beys challenge their sentences on multiple grounds.

We review a sentence under an abuse of discretion standard for procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). We first "ensure that the district court committed no significant procedural error." Id. "If, and only if, we find the sentence procedurally reasonable can we 'consider the substantive reasonableness of the sentence imposed.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51). In assessing whether a sentencing court properly calculated the Guidelines sentencing range, we review the court's factual findings for clear error and its legal conclusions de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008).

3

With these standards in mind, we turn to the first issue, which is raised by both Bratton-Beys: the district court's asserted error in determining that they were responsible for intended losses of more than $2.5 million but not more than $7 million, resulting in an 18-level enhancement under § 2B1.1(b)(1). We review "for clear error the district court's factual determination of the amount of loss attributable to [a defendant], mindful that the court need only make a reasonable estimate of the loss." United States v. Cloud, 680 F.3d 396, 409 (4th Cir.) (construing § 2B1.1 cmt. n. 3(C)), cert. denied, 133 S. Ct. 218 (2012). This deferential standard requires reversal only if we are "'left with the definite and firm conviction that a mistake has been committed.'" United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

The Bratton-Beys contend that the district court's loss calculation had three defects: (1) use of the aggregate credit limits of all the fraudulent cards as a proxy for the intended loss amount; (2) reliance on the government's loss spreadsheet, which assertedly lacked sufficient data for a meaningful challenge to the loss amount; and (3) attribution to them of a loss amount more than ten times the amount attributed to their co-defendants who entered into written plea agreements.

Even if the Bratton-Beys are correct that the district

4

court committed the calculation errors, such procedural error is harmless when (1) the appellate court has "knowledge that the district court would have reached the same result even if it had decided the guidelines issue the other way," and (2) "the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011) (internal quotation marks omitted). Such is the case here.

It is clear from the record that regardless of the Guidelines, the district court would have imposed the challenged sentences, and that those sentences are reasonable. For in sentencing both Bratton-Beys, after the court calculated the Guidelines range, and considered arguments for and against various enhancements, it concluded that the Guidelines sentences "would be wrong" in this case. JA 951. As the court explained, "the sentencing guidelines do not provide a great deal of assistance in determining what the sentence should be because . . . the guideline sentence is an unreasonable sentence." JA 831; see also JA 964-967. The court then significantly departed downward from the recommended Guidelines sentence. Moreover, any Guidelines calculation error is also harmless and the sentence reasonable given that the district court independently justified the sentence under the § 3553(a) factors. See United States v. Grubbs, 585 F.3d 793, 804-05 (4th Cir. 2009)

5

We therefore decline to disturb the Bratton-Beys' sentences on this basis. For the same reasons, we also reject the Bratton-Beys' other common argument, that the district court erroneously imposed a four-level sentencing enhancement under U.S.S.G. § 3B1.1(a). Accordingly, we turn to the issues unique to each defendant.

Moadian argues that the district court erred in attributing the entire loss amount to him. He asserts that his incarceration in January 2010 severed his participation in the conspiracy and so the court erred in attributing losses accrued during that incarceration. The difficulty with this argument is that, once established, a conspiracy "is presumed to continue unless or until the defendant shows that . . . he withdrew from it." United States v. Walker, 796 F.2d 43, 49 (4th Cir. 1986). "[M]ere cessation of activity in furtherance of the conspiracy is insufficient." Id. at 49. To establish withdrawal, a defendant must prove "[a]ffirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach [his] co-conspirators." United States v. United States Gypsum Co., 438 U.S. 422, 464-65 (1978); see also Smith v. United States, 133 S. Ct. 714, 718-21 (2013). Moadian failed to identify any "affirmative act inconsistent with the object of the conspiracy" or prove that he communicated his withdrawal "in a manner reasonably calculated to reach his co-

6

conspirators." Accordingly, this challenge to his sentence also fails.

Boaz argues that the district court imposed a procedurally and substantively unreasonable sentence because it failed to account for the culpability of Boaz relative to his co-defendants. He asserts that the court should have imposed "proportionally equal sentences relative to each [defendant's] guideline range" to arrive at a reasonable sentence for each. His contention clearly fails. As explained above, the sentence is not procedurally unreasonable. Nor was the sentence substantively unreasonable.

After calculating Boaz's Guidelines range to be 235-293 months, the district court varied downward from the low end of this range by more than 11 years to a 102-month sentence. The length of a below-Guidelines sentence is "entitled to a presumption of reasonableness." United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Moreover, when a district court imposes a variance sentence, we may take into account the degree of the variance when considering the sentence's reasonableness. See United States v. Abu Ali, 528 F.3d 210, 268 (4th Cir. 2008).

The record reveals that the district court appropriately considered Boaz's culpability relative to Moadian and others in selecting the 102-month sentence. See JA 990-92. On the one hand, the court noted that Boaz played a lesser leadership role

7

than Moadian and that although the Guidelines placed Boaz in Criminal History Category II, based on his convictions Boaz "really looks like a [Category] I . . . in terms of the general scheme of things."  Id. 990-91.  On the other hand, the court noted the seriousness of the offense, the number of individuals victimized, and the ease with which this crime can be committed. Id. 992.  The court plainly weighed the mitigating and aggravating factors and decided that the 102–month sentence served "the § 3553(a) factors, on a whole."  Gall, 552 U.S. at 51 (2007).  In doing so, the court did not err.

For the foregoing reasons, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

8